**Rongqing WANG, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14-73409**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 20, 2016

Rongqing Wang, Pro Se

Carmel Aileen Morgan, Esquire, Trial Attorney, John D. Williams, Esquire, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Rongqing Wang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immi-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

gration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

We do not consider new evidence that was not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963–64 (9th Cir. 1996) (en banc).

The record does not compel the conclusion that the mistreatment Wang suffered in China, even if credible, rose to the level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) ("To reverse the BIA finding [the court] must find that the evidence not only *supports* that conclusion, but *compels* it"). Substantial evidence also supports the agency's determination that Wang did not establish a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1021–22. Thus, we deny the petition as to Wang's asylum claim.

Because Wang did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Wang failed to establish that he would more likely than not be tortured by or with the consent or acquiescence of a government official if returned to China. *See*

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**